702

MAY L. CHAN et al., Appellants, v. LEE ANDERSON et al.,
Respondents.

Hilary H. Crawford and Hilary H. Crawford, Jr., for
Appellants.

Lewis P. May and Richard G. Logan for Respondents.

DOOLING, J.—Plaintiffs appeal from a judgment in favor of defendants in an action for declaratory relief. Plaintiffs on May 4, 1954, pursuant to a written agreement executed by the parties purchased from defendants a bait and tackle business together with the stock in trade, for $25,000. The agreement recited that the seller "has an inventory of stock in trade on hand in his place of business at the present time of approximately Twenty-four thousand Seven hundred seven and 15/100 Dollars . . ."

The contract also contains the following provision: "In the meantime and until the sale herein provided for is consummated, the said ANDERSON shall keep up the stock in trade and shall replace in the inventory any articles which shall be sold in the regular course of business or otherwise and shall keep proper accounts of any and all stock in trade sold from and after execution of this Agreement and of all stock in trade purchased, and in the event that the cost of articles purchased shall be less in amount than the value of articles sold, then the amount of cash to be paid on closing of this transaction shall be correspondingly reduced by the difference between such sales and purchases."

The contract also contained a covenant by the sellers not to engage in a competing business.

The complaint alleged that the inventory figure of $24,707.15 was excessive in the amount of $1,496.94 by reason of mathematical errors in computing the figures and the answer did not deny this but admitted that there had been a mathematical error in such computation. It was proved without contradiction that this error was not discovered by plaintiffs until some time after the sale was completed. Plaintiffs also claimed an additional shortage in inventory of over $10,000. Claims of other breaches have been abandoned on appeal.

Under the terms of the contract plaintiffs paid $15,000 down and executed promissory notes for the balance of the purchase price. Installments aggregating $2,500 which fell due prior to the trial of this action were paid under protest.

The trial court found that under the contract the defendants sold to the plaintiffs "no particular amount of inventory or stock in trade, as expressed in dollar value, and that . . . defendants sold, and the plaintiffs bought, for a single lump sum, to wit, $25,000, all of [the business] including, but without specific values set thereon" the good will, the trade name and the agreement to refrain from competition "together with

all of the inventory . . . of stock in trade, as was on hand at the time of the sale. . . ."

The court further found that the inventory did contain a mathematical error but that plaintiffs were not damaged thereby since they "did not purchase the inventory . . . at any given total value, but simply purchased . . . whatever stock there was on hand at the time of the sale."

The court found plaintiffs guilty of laches by reason of their delay in bringing suit, and found as to the claimed $10,000 shortage in inventory that the subsequent inventory upon which plaintiffs relied to prove such shortage was wholly inaccurate and unreliable.

■ The finding that the plaintiffs purchased whatever stock there was on hand without regard to the inventory value is negatived by the statement in the agreement of the value of the inventory coupled with the express provision of the contract, above quoted, that the stock in trade if depleted by sales should be replaced by the sellers and if this was not done "the amount of cash to be paid on closing of this transaction shall be correspondingly reduced. . . ." The written contract thus makes clear on its face that the value of the inventory was a material element of the sale.

Under the parol evidence rule the intention of the parties as thus clearly expressed in the writing cannot be varied by parol. Civ. Code, § 1625; *Hale* v. *Bohannon*, 38 Cal.2d 458, 465 [241 P.2d 4]; 18 Cal.Jur.2d, Evidence §§ 255-256, pp. 737-740.) It follows that as to the mathematical error which resulted in an undisputed shortage in the inventory the trial court was in error in finding that the plaintiffs were not entitled to a setoff against the total purchase price in that amount.

■ The finding that the claim of an additional shortage of over $10,000 was not proved is supported by the testimony of a witness that one of the plaintiffs deliberately falsified the subsequent inventory in some particulars, and by the manner of its taking by a group of people, several of whom were not produced on the trial to verify their figures.

■ The claim asserted by plaintiffs is a legal one for damages for partial failure to perform the contract and laches cannot be a defense to a legal, as distinguished from an equitable, claim. (*Mandracio* v. *Bartenders Union, Local 41*, 41 Cal.2d 81, 85 [256 P.2d 927]; *Bagdasarian* v. *Gragnon*, 31 Cal. 2d 744, 752 [192 P.2d 935]; *Brownrigg* v. *DeFrees*, 196 Cal. 534, 539 [238 P. 714].)

Appellants also complain of the judgment for costs but since that will fall with the reversal of the judgment we need not consider that claim further.

Judgment reversed with directions to take such further proceedings as may be necessary to give plaintiffs a setoff in the amount of the admitted mathematical error in the inventory.

Kaufman, P. J., and Draper, J., concurred.